## A90A2043. LOKEY v. TRUST COMPANY BANK OF SOUTH GEORGIA, N.A.

### (402 SE2d 803)

BANKE, Presiding Judge.

The appellee bank filed suit against the appellant seeking to collect the balance due on a promissory note the latter had co-signed with her husband for the purpose of enabling him to purchase a boat and pay off a car loan. In her answer, the appellant alleged that the bank had fraudulently induced her to sign the note in her capacity as guardian of her daughter, Jill Edwards, despite its awareness that she "had no authority from the Probate Court . . . to enter into any type of agreement in her capacity as guardian of her daughter," and she asserted that as a result of this conduct, the bank was now estopped from attempting to hold her liable on the obligation in her individual capacity. The trial court awarded the bank summary judgment, and this appeal followed.

Both in her answer and in an affidavit submitted in opposition to the bank's motion for summary judgment, the appellant asserted that when she came to the bank with her husband to co-sign the note, the bank officer suggested that she pledge as collateral a certificate of deposit belonging to her daughter which was on deposit at the bank, in order to enable her husband to secure the loan at a cheaper interest rate. She asserted that the officer encouraged her to do this notwithstanding her protestations that she did not have the legal authority to obligate her daughter on such a loan or to pledge her daughter's certificate of deposit as security for such an obligation. The appellant's signature on the note is followed by the hand-printed notation, "Guard. Jill Edwards." She averred in her affidavit that this phrase "was prepared and added to her signature after she signed the same but based on the recommendation of" the bank officer.

After the appellant's husband defaulted on the note, the bank initially attempted to offset the certificate of deposit against the balance due on the indebtedness. However, it thereafter released these funds to the appellant in her capacity as the child's guardian in return for her agreement not to bring suit against it for its conduct in this regard. *Held*:

It is evident from the appellant's complaint and affidavit, as well as from her brief on appeal, that she fully intended, from the outset, to obligate herself on the note as an accommodation party. She does not allege that any false representation was made to her to do this, only that the bank officer induced her to do so in her capacity as guardian of her minor child and to assign the child's certificate of deposit as collateral for the debt in order to enable her husband to obtain the loan at a lower interest rate. It is thus apparent that, but for the bank's alleged misconduct, she would simply have co-signed

the note in her individual capacity. Indeed, she indicates in her answer that this is precisely what she intended to do and that the guardianship notation was placed beside her signature later, without her knowledge. Under these circumstances, it is difficult to comprehend how she can claim to have been injured by the bank's conduct.

" '[A]s to trustees, guardians, executors and administrators, and other persons acting *en autre droit* they are by our law generally held personally liable on promissory notes, because they have no authority to bind *ex directo* the persons for whom, or for whose benefit, or for whose estate they act; and hence to give any validity to a note they must be deemed personally bound as makers.' " *Howard v. Cassels*, 105 Ga. 412, 415 (31 SE 562) (1898). Cf. OCGA § 29-2-20. Based on the undisputed evidence of record in the case, the trial court was authorized to conclude that, whether she intended to co-sign the note in her individual capacity or whether she intended to do so in her capacity as her daughter's guardian, the appellant became personally bound on the obligation as a matter of law.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur. Birdsong, P. J., disqualified.*

DECIDED MARCH 1, 1991.

*Donald E. Strickland*, for appellant.
*Gardner, Willis, Sweat & Goldsmith, Willis A. Duvall, Jr.*, for appellee.

